PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOAQUÍN RIVERA PÉREZ, Defendant and Appellant.

No. 4336.   Argued December 8, 1930.—Decided December 24, 1930.

*Angel R. Vázquez* for appellant.   *R. A. Gómez,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The *Fiscal* of this court has filed a motion to dismiss this appeal because a copy of the notice of appeal had not been served on the appellee as required by law.   He attached to his motion a certificate from the clerk of the corresponding district court showing that the notice of appeal filed with the record of the case does not appear to have been notified to the district attorney.

Upon the setting of the motion for hearing, the appellant appeared through his attorney and opposed the motion, claiming that the notice had been served.   In support thereof, he presented an affidavit of Antonio Quirós, who stated:

"That about noon on April 29 and in the district court itself I proceeded to prepare the notice of the appeal to the Supreme Court of Puerto Rico.

"That I immediately went to see District Attorney Domingo Massari, who was in the court room, to serve him with a copy of the

said notice of appeal. That I do not remember whether the district attorney acknowledged service by signing the notice, but I do remember having delivered a copy of said notice to him, and owing to the haste in filing the notice, as it was noontime, when the court was about to take a recess until 2 p. m., I am not sure whether or not he signed. That if there was any mistake in serving the notice of the appeal, this was due to haste not only on the part of the said attorney for the defendant, but also on the part of the district attorney, because of the hour at which we were doing this ·work."

In .support of his argument at the hearing of the motion, the *Fiscal* of the Supreme Court presented an affidavit from District Attorney Massari, in which the latter stated:

"1. That it is customary for me, every time I am served with a copy of any notice, whether of appeal or otherwise, to sign on the space set aside in the document itself for an acknowledgment of the service of notice, and that where this is omitted by the party making the service, I then of my own hand write the notation of service and the date on which it is made.

"2. That in the prosecution for perjury by the People of Puerto Rico against Joaquín Rivera Pérez, I have no recollection of having been served with any notice of appeal or that any copy thereof has been delivered to me.

"3. That no copy of the notice of appeal in the present case appears from the record in the office of the district attorney, the last paper of which a copy was served on' me by the defendant in said case being a motion for a new trial, which copy appears as the last paper among all the documents forming the record of the case in my office."

Let us now examine the wording of the applicable law. Section 350 of the Code of Criminal Procedure reads as follows:

"Sec. 350.—An `appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered or filed, a notice stating the appeal from the same, and serving a copy thereof upon the attorney of the adverse party."

The service of the copy is then a necessary act in order that the appeal may be considered to have been duly taken. Quirós states that he served District Attorney Massari with

a copy of the notice of the appeal; but he does not remember whether the district attorney signed acknowledging service. District Attorney Massari, in his turn, states that he does not remember having been served with such notice and that it is his custom, every time he is served with copy of any notice, whether of appeal or otherwise, to sign on the space left on the paper itself for that purpose. And if the notice of appeal which appears on the record of the case filed in the district court is examined, it will be found that it does not contain the signature of the district attorney, nor even the blank formula for the acknowledgment of service. The record of the case in the office of the district attorney fails also to disclose any copy of the notice of appeal.

Under those circumstances, we can not hold as satisfactorily proved that any service of the notice of appeal was made. There is nothing in the law requiring the signature of the adverse party at the foot of the notice delivered to the clerk and filed in the court; but such is the practice followed, so that the record will speak for itself and show that the two requirements of the statute have been complied with. Whether in that manner or by some other method acceptable in law, the fact of the service of the notice must appear from the record of the case or be shown with certainty if it does not so appear.

The motion of the *Fiscal* must therefore be granted and the appeal dismissed for lack of sufficient proof of a service of the notice thereof on the adverse party or its attorney.